FILED
2011 Oct-27 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 11-G-0163-W |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

  The plaintiff, Christopher D. Miller, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. The plaintiff filed an application for Social Security Benefits on May 7, 2007. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

  The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

In his decision, ALJ William Lawson gave the following reasons for discrediting the plaintiff's pain testimony:

> Here, the claimant has alleged that he is limited from an exertional standpoint due to severe pain in his left leg.  Claimant fractured his left tibia in 1998 (Exhibit C2F).  However, the claimant has not been treated for leg pain since his alleged onset date of March 2003.  In fact, there are no treatment records whatsoever for any condition from 1998 to the present.  The only time the claimant saw a doctor during this 11 year period was a 2001 consult wherein claimant stated he was "trying to get information together for potentially getting on disability."
>
> The lack of any prescribed treatment whatsoever during the course of 11 years is significant.  The claimant testified that his leg pain averages 8 ½ to 9 ½ on a daily basis.  Yet the only medicine he takes is Advil every other day.  Thus, there are no attempts whatsoever to obtain relief by "increasing medications or seeking trials of a variety of treatment modalities" (SSR 96-7P).

[R. 13].  The ALJ also noted inconsistencies in the plaintiff's allegations as presented to the consulting examiners, as well as in the plaintiff's disability development records and hearing testimony. [R. 13-14].  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion has been entered.

DONE and ORDERED 27 October 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.